NO. 07-08-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 12, 2008

_____

ALVIN MIKE GARZA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16807-0605; HON. ED SELF, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Alvin Mike Garza (appellant) appeals his conviction for attempted aggravated assault. However, he does so after pleading guilty, being sentenced to ten years imprisonment, having that sentenced suspended, being placed on probation, and having his probation revoked. Through two issues, he asserts that he should be freed because there is no evidence illustrating that he committed aggravated assault. That is, the State purportedly failed to present evidence establishing either factor elevating an assault to an

aggravated assault. This omission purportedly rendered the crime for which he was prosecuted to be nothing more than a misdemeanor, and it being a misdemeanor, the district court could not convict him for committing a felony. We overrule that issue but nonetheless reverse the judgment.

We note that the record contains a stipulation of evidence signed by appellant. In it, he stated that on " the 25th day of February . . . 2006, . . . [he] did then and there: intentionally, knowingly, or recklessly attempt[ed] to cause *serious* bodily injury to Norma Marmolego, by striking . . . [her] in the face with a closed fist."[1] (Emphasis added). We also note that aggravated assault consists of an assault 1) which causes serious bodily injury to another or 2) during which the assailant used or exhibited a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01-.02 (Vernon Supp. 2008). In comparing our two notations above with each other, we discover the language in the signed admission contained the aggravating factors needed to prove aggravated assault. See *Landon v. State,* 222 S.W.3d 75, 78 (Tex. App.–Tyler 2006, no pet.) (stating that while the State must offer evidence establishing the elements of the crime despite the accused's plea of guilty, that requirement is satisfied by the accused signing a stipulation of evidence wherein he admits the elements of the crime to which he pled). This, then, causes us to reject the issues raised by appellant. Yet, that does not mean we are finished with this matter.

A problem with the judgment remains. It encompasses the crime for which appellant was convicted and received punishment. That is, the State charged appellant by information as opposed to indictment, and appellant waived his right to prosecution via

---

[1]While most all of the statement appears to have been printed or typed, the word "serious" was included after the fact via handwriting. Moreover, several sets of initials appear next to the word.

indictment. Through the waiver, he agreed to "be tried for the said offense upon an Information and complaint to be filed and presented by the District Attorney." A complaint and information were then filed. In both those documents, the State described the charge for which appellant was being prosecuted as his having ". . . intentionally, knowingly, or recklessly attempt[ed] to cause bodily injury to Norma Marmolego, by striking the said Norma Marmelejo in the face with a closed fist." Absent from the allegation, however, was a word included in the aforementioned stipulation of evidence, and that word was "serious." This is of import for without that word, the factors needed to aver aggravated assault were missing from the particular charging instrument under which appellant agreed to be tried. And, while it may be that the parties intended to modify the charging instrument in a manner consistent with the stipulation of evidence, they did not make the necessary interlineations on the existing information or include a document showing the change in the record. *See Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (stating that an amendment is effectuated by physically altering the instrument or by incorporating a new charging instrument in the record).

Next, statute provides that one who intentionally, knowingly, or recklessly causes another to suffer bodily injury commits simple assault under §22.01(a)(1) of the Texas Penal Code, as opposed to aggravated assault. Given this, the charging instrument contained in the record encompasses nothing more than simple assault. Yet, the trial court convicted him of aggravated assault. Additionally, assault under §22.01(a)(1) is a class A misdemeanor, unlike aggravated assault, which is a felony. TEX. PENAL CODE ANN.

3

§22.01(b) (Vernon Supp 2008).[2]  This, in turn, means that appellant's punishment for committing the offense charged in the information was restricted to no more than a year in jail, a fine not exceeding $4000, or both.  TEX. PENAL CODE ANN. §12.21(1), (2) & (3) (describing the punishment attributable to a class A misdemeanor).  Yet, a ten year term of imprisonment was levied upon appellant.

So, what we have before us is a scenario wherein the trial court convicted appellant for a crime other, and much greater, than that contained in the charging instrument and levied a sentence exceeding the maximum applicable to the crime encompassed by the actual charging instrument.  Neither is permissible.

Accordingly, we reverse the judgment convicting appellant of attempted aggravated assault and remand the cause for further proceedings, which includes the determination of whether the trial court had jurisdiction over the misdemeanor offense.


      Brian Quinn
      Chief Justice

Publish.

---

[2]Though assault under §22.01(a)(1) can be elevated to a felony, the statutory conditions so elevating the crime are not present within the charging instrument of record.  *See* TEX. PENAL CODE ANN. §22.01(b) (Vernon Supp. 2008) (describing the conditions which must exist).