

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1761-08

### ALVIN MIKE GARZA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HALE COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion in which MEYERS, KEASLER, and HERVEY, JJ., joined.

### O P I N I O N

Appellant appealed his conviction for attempted aggravated assault. Appellant was charged by information, which alleged that he did intentionally, knowingly, or recklessly attempt to cause bodily injury to the named complainant by striking her in the face with a closed fist. Appellant plead guilty pursuant to a plea agreement, and the trial court found him guilty of attempted aggravated assault, suspended his ten-year sentence, and placed him on community supervision for ten years. Subsequently, after conducting a hearing on the state's revocation motion, the trial court revoked the community supervision and sentenced appellant to ten years' imprisonment and a $1,000 fine.

Upon appellant's appeal, the court of appeals held that, in light of the charging instrument alleging misdemeanor class A assault rather than aggravated assault, "the trial court convicted appellant for a crime other, and much greater, than that contained in the charging instrument and levied a sentence exceeding the maximum applicable to the crime encompassed by the actual charging instrument[,]" and that "[n]either is permissible." *Garza v. State*, 269 S.W.3d 300, 302 (Tex. App.–Amarillo 2008). Accordingly, the court of appeals reversed the judgment and remanded the cause for further proceedings, including the determination of whether the trial court had jurisdiction over this misdemeanor offense. *Id*. This Court granted review of all three of the state prosecuting attorney's grounds for review. Those grounds ask:

> 1. May a court of appeals, through unassigned error, raise an issue that an Appellant would be precluded from raising on appeal?
>
> 2. Did the information filed in conjunction with Appellant's waiver of indictment permit a conviction for the felony offense to which Appellant pled and stipulated his guilt when the information facially alleged a misdemeanor?
>
> 3. Should error be assigned and briefing ordered before a court of appeals may reverse a conviction based on error not raised by the parties, even when a novel constitutional issue is not involved?

We reverse and vacate the judgment of the court of appeals and remand this cause to that court for further consideration.

The record contains a "Stipulation of Evidence," signed by appellant and his attorney, and by the trial court as "Approved by the Court after being affirmed by the Defendant in open Court." The record does not contain any transcription of the plea proceedings. The stipulation reflects that appellant stipulated to attempting to cause serious bodily injury to the named complainant by striking her in the face with a closed fist. The word "serious" is handwritten and inserted between the words

"cause" and "bodily."

On direct appeal, appellant's points of error listed the following "issues presented."

The trial court improperly sentenced appellant for a third degree felony, which was outside the maximum range of punishment authorized by law for the offense charged in this case.

The judgment of the trial court was void because the sentence was outside the maximum range of punishment authorized by law for the offense charged in this case.

The trial court did not have jurisdiction to enter the judgment against appellant finding him guilty of the third degree felony offense of attempted aggravated assault, imposing a sentence of felony community supervision, revoking his felony community supervision and imposing a sentence of incarceration in the Texas Department of Criminal Justice–Institutional Division.

Appellant's arguments before the court of appeals included assertions that the record did not demonstrate that he intended to cause serious bodily injury and instead affirmatively showed that he did not use his fist as a deadly weapon in a manner capable of causing serious bodily injury, thus under the facts in the record, he could have been found guilty of attempted assault, or at most assault, a class A misdemeanor. (Appellant's direct-appeal brief before the court of appeals, pp. 7-8.)  He insisted that the trial court lacked jurisdiction over this case and that the judgment imposing a sentence for a third-degree felony was therefore void. (Appellant's direct-appeal brief before the court of appeals, p. 8.)  Appellant argued that it was undisputed that the trial court had made an affirmative finding that he did not use a deadly weapon in this assault, as evidenced by the judgment reflecting "N/A" under "Findings on Deadly Weapon." (Appellant's direct-appeal brief before the court of appeals, p. 10.)  He also argued that, when the trial court makes an affirmative finding that no deadly weapon was used, it follows that the hands or fists were not capable of causing serious bodily injury in the manner used. (Appellant's direct-appeal brief before the court of appeals, p. 11.)

He argued that the only offense that the indictment in this case could possibly have alleged was a misdemeanor assault, that the district court in this case did not have jurisdiction over the misdemeanor offense of assault, and that the jurisdiction of the district court was never invoked. Therefore, he reasoned, any judgments entered against him on the basis of the information are void. (Appellant's direct-appeal brief before the court of appeals, p. 11.)

The state's first ground for review asserts that the court of appeals raised an issue through unassigned error. The state specifically argues that "the Court of Appeals reversed and remanded on unassigned error, holding that Appellant was improperly convicted of attempted aggravated assault, a felony, when he had only been charged with attempted assault, a misdemeanor." (State's Amended Petition for Discretionary Review, p. 2.)

"Appellate courts have the jurisdiction and authority to review unassigned error." *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008). "Once an appellate court has jurisdiction over a case, the limits of the issues that the court may address are set only by that court's discretion and any valid restrictive statute." *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Thus, "[a]ppellate courts are free to review 'unassigned error'–a claim that was preserved in the trial below but was not raised on appeal." *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006).

Appellant did, in fact, raise claims complaining about the conflict between the judgment and sentence for a felony offense and the offense charged in this case. Therefore, in addressing that claim, the court of appeals was not reviewing unassigned error.

Because the state's first ground for review's premise is based upon the court of appeals raising an issue "through unassigned error," and the court of appeals did not raise such an issue, we overrule ground one.

The state's third ground for review, which complains about a conviction being reversed on an issue without briefing being ordered, also presupposes that the court of appeals "reverse[d] a conviction based on error not raised by the parties[.]" We reiterate that appellant did raise complaints about the trial court's conviction and sentence for an offense that was greater than that alleged in the charging instrument. The state acknowledges that in *Pena*, *supra* at 137, we have held that an appellate court need not order briefing every time it decides to raise an issue *sua sponte*. It also acknowledges that "Appellant did argue in his brief that a void judgment can be raised for the first time in an appeal from the revocation of probation, but the Court of Appeals did not address it." (State's Brief on the Merits, p. 10.) Since the state's third ground for review is, like the first ground, based upon the faulty premise of the court of appeals raising an issue through unassigned error, we overrule ground three.

The state's second ground for review asks whether the information filed in conjunction with appellant's waiver of indictment permits a conviction for the felony offense to which appellant pled and stipulated his guilt when the information facially alleged a misdemeanor. The state points out that appellant signed a defendant's "waiver of rights to indictment by a grand jury" and argues that, since only felony defendants have a right to indictment by a grand jury, by signing the waiver, appellant implicitly acknowledged that he was charged with a felony. The state also notes that the waiver explicitly stated, "I understand that I have been charged with the offense of Attempt to commit Agg. Assault w/deadly weapon." It insists that since the information acted as a substitute for the indictment and was filed in the district court, it was sufficient to vest the district court with jurisdiction because it shows an intent to charge a felony, thus the omission of the felony element from the information did not defeat the district court's jurisdiction. The state cites *Kirkpatrick v.*

*State*, 279 S.W.3d 324 (Tex. Crim. App. 2009), and *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007), in support of its argument.

The state's claim on discretionary review corresponds with appellant's issues on direct appeal that challenged the conflict of the trial court's conviction and sentence for a felony offense with the charging instrument's allegation of a misdemeanor offense. The court of appeals's opinion in this case was handed down on November 12, 2008. We issued our opinion in *Kirkpatrick*, *supra*, which involved charging instruments that facially allege misdemeanor offenses but result in felony convictions and sentences, on March 18, 2009.

Because *Kirkpatrick* was issued and became final after the court of appeals delivered its opinion in this case, it did not have the benefit of *Kirkpatrick* when addressing the parties' claims. And because of *Kirkpatrick*'s relevance to the issues raised by appellant on direct appeal and the state on discretionary review, we remand this cause to the court of appeals so that it may have the opportunity to address the parties' claims in light of *Kirkpatrick*.

We reverse and vacate the judgment of the court of appeals and remand this cause to that court for further consideration.

Delivered: February 10, 2010
Do not publish