

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0873-07 and PD-0874-07

### BEVERLY KIRKPATRICK, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### KAUFMAN COUNTY

### JOHNSON, J., delivered the opinion for a unanimous Court.

### O P I N I O N

We withdraw our December 17, 2008 opinion and substitute the following opinion.

Appellant was charged with several offenses by way of three indictments. Only two of those

indictments are presently before us.[1]  On appeal, the court of appeals found that the trial court had

not acquired jurisdiction and reversed appellant's convictions.  We reverse the judgment of the court

---

[1] Pursuant to the third indictment, trial-court cause number 23337-86, appellant was convicted of falsely holding herself out as a lawyer and sentenced to six years' confinement.  On appeal, the court of appeals held that the evidence was legally insufficient to sustain the conviction, reversed the trial court's judgment, and rendered a judgment of acquittal. *Kirkpatrick v. State*, No. 05-06-01275-CR, 2007 Tex. App. LEXIS 2905 (Tex. App.–Dallas, delivered April 17, 2007, no pet.)(not designated for publication).  No petition for discretionary review was filed regarding that case.

of appeals as to both causes and remand Cause No. 05-06-1230-CR so that the court of appeals may resolve appellant's remaining issue.

In indictment number 23290-86, appellant was charged with forgery and tampering with a governmental record in three counts: count one– publishing a forged writing, knowing it to be forged, with such writing purporting to be the act of Lance Rabenaldt, who did not authorize that act; count two–presenting a letter purporting to bear the signature of Warren Samuelson, with knowledge of its falsity and with intent that it be taken as a genuine governmental record; and count three–presenting a letter purporting to bear the signature of Chau Vo, with knowledge of its falsity and with intent that it be taken as a genuine governmental record. In indictment number 23338-86, a single count charged appellant with tampering with a governmental record by making a document, specifically a letter from Michael D. Grant attached to a motion for continuance, with knowledge of its falsity and with intent that it be taken as a genuine governmental record.

After the state had presented its case-in-chief, appellant moved for an instructed verdict on the felony forgery count, asserting that the state had failed to prove felony forgery because it had not alleged or proven any of the elements necessary to make the forgery a felony rather than a misdemeanor. The trial court agreed and granted appellant's motion for instructed verdict as to count one of indictment number 23290-86. The trial court overruled appellant's complaints as to the other allegations. The jury convicted appellant of the remaining alleged offenses, and the trial court sentenced her to two years' confinement on each of those counts, to be served concurrently.

On appeal, appellant raised one issue in Cause No. 05-06-01274-CR (trial-court Cause No. 23290-86), a claim that the trial court did not have jurisdiction because appellant had been indicted for a misdemeanor in each of the two indictments that are before us. She raised the same issue in Cause No. 05-06-01230-CR (trial-court Cause No. 23338-86), and she also raised an additional issue

that the court of appeals did not address because it found the first issue dispositive.[2] The court of appeals held that the indictments failed to satisfy the constitutional requirement of subject-matter jurisdiction and did not vest the district court with jurisdiction. *Kirkpatrick v. State*, 2007 Tex. App. LEXIS 2906, No. 05-06-01230-CR, No. 05-06-01274-CR (Tex. App. – Dallas, delivered April 17, 2007, no pet.)(not designated for publication). It therefore dismissed both cases for want of jurisdiction. *Id*. at *6.

The court of appeals noted that the multi-count indictment alleged that appellant presented two letters, one purporting to bear the signature of Samuelson and the other purporting to bear the signature of Vo.[3] *Id*. at *4. It further held that "the indictment alleged Class A misdemeanor offenses of tampering with a governmental record[,]" but "[t]he indictment in this case does not show on its face the State's intent to charge a felony or other offense for which the district court has jurisdiction." *Id*. at *5. It also held that "because the indictment did not vest the district court with jurisdiction, appellant did not waive her complaint by failing to object prior to the day of trial." *Id*. at *5-6.

We granted the State Prosecuting Attorney's petition for discretionary review, which raised three grounds for review.

> 1) Did the Court of Appeals err by concluding that the district court did not have subject-matter jurisdiction of the offense?

---

[2] "The trial court erred in overruling appellant's objection under the attorney-client privilege."

[3] The court of appeals did not discuss the single-count indictment, trial-court cause number 23338-86, which likewise charged appellant with tampering with a government record, alleging that she did "then and there make a document, to-wit: a letter from Michael D. Grant attached to a Motion for Continuance, with knowledge of its falsity and with intent that it be taken as a genuine governmental record." However, the court of appeals's reasoning and analysis is applicable to the similar allegation in that indictment.

2) Where an offense can be charged as either a felony or a misdemeanor, does the return of the indictment into a court with subject-matter jurisdiction of only the felony offense indicate the State's intent to charge the felony offense?

3) Is ambiguity or confusion about the particular offense that has been charged [sic] the type of objection to an indictment that must be raised by a defendant prior to the date of trial?

### The Arguments of the Parties

The state, represented by the State Prosecuting Attorney, argues that the language of the indictments, and their return to the district court, were sufficient to show the state's intention to charge the felony offenses of tampering with a governmental record, thus the indictments invested the district court with subject-matter jurisdiction. It asserts that the indictments' failure to allege all of the elements of the felony offense of tampering with a governmental record constituted a defect of substance, and it was therefore incumbent upon appellant to raise the defect prior to the date of trial. It contends that, because appellant failed to object, the court of appeals erred by dismissing the counts for want of jurisdiction.

Appellant argues that the indictments were proper, facially complete indictments that alleged all the elements necessary to charge her with the misdemeanor offense of tampering with a government record. She asserts that, being misdemeanor offenses, the district court did not have subject-matter jurisdiction, and that such a claim of lack of jurisdiction is not waived by failure to object before trial. She argues that she was thus not required to object before trial to the presentment of an indictment to a court without competent jurisdiction.

The parties agree that the faces of the indictments at issue here allege misdemeanor tampering with a governmental record; "the indictment[s] failed to contain language that would charge a felony offense–i.e., that Appellant intended to defraud or harm another or that the governmental record was of the type to make the offense a third-degree felony." State's Brief, p. 2.

Predictably, they disagree as to whether appellant's failure to object, before trial, to being tried on misdemeanor allegations in a district court prevented the court of appeals from granting relief on her appellate complaints about subject-matter jurisdiction.

The state asserts that, while the offense of tampering with a governmental record may be charged as either a felony or a misdemeanor, the fact that the indictment was returned to a district court with subject-matter jurisdiction over felony offenses "is an indication that the State intended to charge a felony offense." It also suggests that the pretrial proceedings "were also indications that Appellant was being charged with a felony offense, and not a misdemeanor." It asserts that the indictments, whatever their defects, can be construed as intended to charge a felony because there does exist a felony offense of tampering with a governmental record and the indictments in these cases were returned to a court with subject-matter jurisdiction over only felony offenses. It adds that, if appellant had been confused about whether the state did charge, or intended to charge, her with a felony, she could have, and should have, objected to the defective indictment before the day of trial.

Appellant claims that the indictments gave her notice only that she had been indicted for misdemeanor tampering offenses under TEX. PENAL CODE § 37.10(a)(2) because they did not include any of the elements that the statute requires in order to raise the misdemeanor offense to a state-jail or second-degree felony. She points out that, pursuant to TEX. CODE CRIM. PROC., Art. 20.21, the grand jury, not the state, presents an indictment and argues that it is the grand jury's intent, not the state's, that is most important. She also notes that nothing prohibits the grand jury from indicting an accused for only a misdemeanor offense and that "there is no requirement under the law that a grand jury return only felony indictments."

The state points to Art. V, § 12(b), of the Texas Constitution, which states that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause" and that the practices and procedures relating to the use of indictments are as provided by statutory law. It also points to TEX. CODE CRIM. PROC. art. 1.14(b), which after its 1985 amendment provides that a defendant waives or forfeits his right to object to a defect of form or substance in an indictment if he fails to object before the date on which the trial commences and that he may not first raise the objection on appeal. In *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990), we discussed this principle at length and determined that a defendant who failed to timely object to a defective charging instrument before trial began would lose the right to later complain about such defect on appeal.

The state acknowledges that in *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994), we held that "where an indictment facially charges a complete offense, it is reasonable to presume that the State intended to charge the offense alleged, and none other." We stated, "Consequently, where an indictment facially charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *Id*. However, the state suggests that, in *Teal v. State*, 230 S.W.3d 172 (Tex. Crim. App. 2007), we retreated from such all-inclusive language.

*Thomason* is distinguishable on its facts. Thomason was indicted for felony theft of at least $20,000, but the indictment did not include the words necessary to charge an aggregated theft. The evidence showed that Thomason had received ten checks, totaling $518,787, with each of eight of the checks having an amount in excess of the alleged $20,000. At the end of the state's evidence, Thomason asked the trial court to require the state to elect on which of the checks it sought a

conviction. The trial court refused to require an election, and the court of appeals affirmed, saying, "[W]e cannot conclude that the failure to include the phrase in the indictment evinces an intent that the checks not be aggregated." *Thomason v. State*, No. 05-92-00414-CR, 1993 WL 189615 (Tex. App.–Dallas, June 2, 1993)(not designated for publication).

This Court held that, "where an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other." *Thomason*, 892 S.W.2d at 11. That case is distinguishable on at least two grounds: Thomason asked for an election, thus calling the issue to the attention of the trial court, and the indictment, on its face, alleged a felony, albeit not the felony the state intended to charge. There was no question that the trial court had subject-matter jurisdiction over the offense alleged on the face of the indictment.

The text of the two indictments at issue here facially alleges misdemeanor tampering with a governmental record. Appellant argues that, under *Teal,* she did not have to object because there was no ground for objecting; the indictment in her case alleged a complete misdemeanor offense and grand juries are authorized to issue indictments for misdemeanor offenses.

*Teal* involved an indictment that alleged hindering apprehension, but the indictment failed to include an allegation that the defendant had knowledge of the suspect's status as a fugitive felon, the element that raised the offense to a felony. We recognized in *Teal* that Texas law now requires the defendant to object to errors in the form or substance of an indictment before the day of trial and before the jury is empaneled. *Teal*, 230 S.W.3d at 177. We also indicated that the critical determination is whether the trial court (and reviewing appellate courts) and the defendant can identify what penal-code provision is alleged and whether that penal-code provision is one that vests jurisdiction in the trial court. *Id*. at 180. The state acknowledges that the text of appellant's

indictments, like the indictment in *Teal*, does not contain the language necessary to raise the offense of tampering with a governmental record from a misdemeanor to a felony. State's Brief, p. 10. Nevertheless it suggests that, because the indictments were returned to a district court, a court with subject-matter jurisdiction over felonies, and a felony offense of tampering with a governmental record exists, it is clear that the state intended to charge a felony offense.

Analysis

*Teal* is more on point with regard to the issue presented here than is *Thomason*, but it does not assist appellant. As *Teal* pointed out, legislative changes in 1987 ensured that defects in an indictment would be objected to and, if possible,[4] repaired before trial and that such defects would not invalidate an otherwise valid conviction if they were not raised before trial. *Teal* at 176. The *Teal* Court held that, after *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App 1990), and *Cook v. State*, 902 S.W.2d 471 (Tex. Crim. App. 1995), courts must now look to the indictment as a whole, not just to its specific formal requisites. *Id.* at 180.

> Implicit within both *Studer* and *Cook* is that "the offense" charged must be one for which the trial court has subject-matter jurisdiction. . . .
> Thus, the complete test for the constitutional sufficiency of a particular charging instrument goes slightly further than that expressly set out in *Studer* and *Cook*: Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction? . . . [T]he indictment, despite whatever substantive defects it contains, must be capable of being construed as intending to charge a felony (or a misdemeanor for which the district court has jurisdiction).
> . . . It certainly was a defective indictment because it omitted one of the two elements that raise hindering apprehension from a misdemeanor to a felony, but it was nonetheless sufficient to vest jurisdiction–it charged "an offense" and one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense. If appellant was confused about whether the State did or

---

[4] For example, a district court lacks subject-matter jurisdiction over a speeding offense no matter how perfect the wording of a charging instrument alleging such an offense, and there is no such offense as felony speeding. The trial court clearly lacks subject-matter jurisdiction, and the indictment cannot, therefore, be repaired.

intended to charge him with a felony, he could have and should have objected to the defective indictment before the date of trial.

*Id.* at 181-82.

Here, although the indictment properly charged a misdemeanor and lacked an element necessary to charge a felony, the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of the felony offense was intended. Further, the face of each indictment contains a heading: "Indictment–Tampering with a Governmental Record 3rd Degree Felony,–TPC § 37.10(a)–Code 73990275."[5] The Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the state intended to charge a felony offense and that the district court had subject-matter jurisdiction. Appellant had adequate notice that she was charged with a felony. If she had confusion about whether the State did, or intended to, charge her with a felony, she could have, and should have, objected to the defective indictment before the date of trial.

The court of appeals erred when it concluded that these indictments fail to satisfy the constitutional requirement of subject-matter jurisdiction and did not vest the district court with

---

[5] The heading sets out that the charge is a third-degree felony. Section 37.10(a) enumerates the elements of tampering with a governmental record. Section 37.10(c) and (d) state what punishment ranges apply to different kinds of governmental records.

> (c)(1) general classification not covered by subdivisions (2), (3), and (4) and subsection (d); a class A misdemeanor unless the actor's intent is to harm or defraud another, then a state-jail felony.
> (c)(2) school records, license, permit, seal, title, letter of patent, or similar document; a third-degree felony unless the actor's intent is to harm or defraud another, then a second-degree felony.
> (c)(3) a record required to enroll a student in a school district and used to establish residency; a class C misdemeanor.
> (c)(4) a written appraisal filed with an appraisal review board that was performed by a person with a contingency interest in the outcome of the hearing; a class B misdemeanor.
> (d) vehicle liability insurance form; varying levels, depending on how the tampering was done (§ 37.10 (a)(1-6)).

Although the heading alleges a third-degree felony, the jury convicted appellant of a state-jail felony. Such a conviction may be had only under § 37.10(c)(1) with proof of intent to defraud or harm another.

jurisdiction. We reverse the judgment of the court of appeals and affirm the judgment of the trial court in Cause No. 05-06-01274-CR (trial-court Cause No. 23290-86). In Cause No. 05-06-01230-CR (trial-court Cause No. 23338-86), the court of appeals found appellant's first issue, lack of jurisdiction, dispositive and therefore did not address her second issue. We reverse the judgment of the court of appeals in Cause No. 05-06-1230-CR and remand it to that court so that it may consider appellant's unaddressed claim of error as to an objection under the attorney-client privilege.

We deny appellant's motion for rehearing.


Delivered: March 18, 2009
Publish