IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1761-08






ALVIN MIKE GARZA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


HALE COUNTY





 Keller, P.J., filed a concurring opinion in which Meyers, Keasler, and
Hervey, JJ., joined.



 I believe the Court misses the State's point. The State's first ground for review reads: "May
a court of appeals, through unassigned error, raise an issue that an appellant would be precluded from
raising on appeal?" The Court construes the ground as a challenge to the court of appeals's general
authority to address unassigned error. (1) But the State's ground and its supporting arguments show
that its claim is, instead, that the court of appeals had no authority to grant relief on unassigned error
in this particular case because the error in question was not preserved at trial. (2) 

 The State offers two arguments why error was not preserved: (1) error was forfeited when
appellant failed to object to the charging instrument, (3) and (2) appellant was precluded from
challenging the original judgment in an appeal from the revocation of community supervision. (4) The
Court does not address either of these arguments. And even if the State were incorrect about the
"unassigned" nature of the error, that incorrect assumption does not affect the viability of the State's
ground because error must be preserved at trial before an appellate court may address it, regardless
of whether it is assigned or unassigned.

 Our recent opinion in Kirkpatrick v. State, (5) decided after the court of appeals's decision in
this case, could affect the answer to both of the State's arguments. Rather than address the merits
of any of the State's grounds for review, I would simply vacate the court of appeals's decision and
remand the case for reconsideration in light of Kirkpatrick. (6)

 I concur in the Court's judgment.

Filed: February 10, 2010

Do not publish 


1. Court's op. at 4.
2. See Sanchez v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006)("But errors that are
subject to procedural default may not be remedied by the appellate court as unassigned error unless
the error was in fact preserved in the trial court.").
3. See Tex. Code Crim. Proc. art. 1.14(b).
4. See Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 1990).
5. 279 S.W.3d 324 (Tex. Crim. App. 2008).
6. The State relied upon Kirkpatrick in argument under its second ground in its petition and
brief.