

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-1761-08

---

**ALVIN MIKE GARZA, Appellant**

**v.**

**THE STATE OF TEXAS**

---

## ON STATE'S'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## HALE COUNTY

---

**KELLER, P.J., filed a concurring opinion in which MEYERS, KEASLER, and HERVEY, JJ., joined.**

I believe the Court misses the State's point. The State's first ground for review reads: "May a court of appeals, through unassigned error, raise an issue that an appellant would be precluded from raising on appeal?" The Court construes the ground as a challenge to the court of appeals's general authority to address unassigned error.[1] But the State's ground and its supporting arguments show that its claim is, instead, that the court of appeals had no authority to grant relief on unassigned error

---

[1] Court's op. at 4.

in this particular case because the error in question was not preserved at trial.[2]

The State offers two arguments why error was not preserved: (1) error was forfeited when appellant failed to object to the charging instrument,[3] and (2) appellant was precluded from challenging the original judgment in an appeal from the revocation of community supervision.[4] The Court does not address either of these arguments. And even if the State were incorrect about the "unassigned" nature of the error, that incorrect assumption does not affect the viability of the State's ground because error must be preserved at trial before an appellate court may address it, regardless of whether it is assigned or unassigned.

Our recent opinion in *Kirkpatrick v. State,*[5] decided after the court of appeals's decision in this case, could affect the answer to both of the State's arguments. Rather than address the merits of any of the State's grounds for review, I would simply vacate the court of appeals's decision and remand the case for reconsideration in light of *Kirkpatrick.*[6]

I concur in the Court's judgment.

Filed: February 10, 2010
Do not publish

---

[2] *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006)("But errors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court.").

[3] *See* TEX. CODE CRIM. PROC. art. 1.14(b).

[4] *See Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 1990).

[5] 279 S.W.3d 324 (Tex. Crim. App. 2008).

[6] The State relied upon *Kirkpatrick* in argument under its second ground in its petition and brief.