NO. 07-08-0036-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 8, 2010
_____

ALVIN MIKE GARZA,

                                        Appellant

v.

THE STATE OF TEXAS,

                                        Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16807-0605; HON. ED SELF, PRESIDING
_____

***Memorandum Opinion on Remand from the Court of Criminal Appeals***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This appeal returns to us via the directive of the Texas Court of Criminal Appeals. It vacated our prior decision and remanded the cause to enable us to consider the impact, if any, of *Kirkpatrick v. State*, 279 S.W.3d 324 (Tex. Crim. App. 2009) upon the dispute. The dispute in question involved the trial court's jurisdiction over the criminal prosecution, the sufficiency of the evidence supporting the conviction and the purported

illegality of the punishment levied.  We conclude that *Kirkpatrick* is indeed influential and affirm the trial court's judgment.

## *Background*

Appellant was charged with attempted aggravated assault and plead guilty in exchange for a recommended sentence of ten years in prison probated for ten years. Subsequently, the State filed a motion to revoke probation.  A hearing was held and the trial court found that appellant had violated his probation and sentenced appellant to ten years in prison.

In reviewing the facts of the case, we note that the record contains a stipulation of evidence signed by appellant.  Through it, he admitted that on "the 25th day of February . . . 2006, . . . [he] did then and there: intentionally, knowingly, or recklessly attempt to cause *serious* bodily injury to Norma Marmolego, by striking . . . [her] in the face with a closed fist."[1] (Emphasis added).  Furthermore, a document entitled the "Presentment of Complaint and Information" included in the appellate record described the offense for which appellant was charged as "Attempt to Commit Agg Assault W/Deadly Weapon, a Felony."  In conjunction with waiving his right to a jury trial, appellant also signed a document entitled "Admonition of Rights."  Through it, he waived "service of indictment," acknowledged that the range of punishment for the offense of "attempt to commit aggravated assault with a deadly weapon" was "2 to 10 YEARS [with] AN OPTIONAL FINE NOT TO EXCEED $10,000 . . . ," and represented that he was entering a guilty plea "because I am guilty of the offense of Attempt[ing] to Commit AGG ASSAULT W/DEADLY WEAPON, and for no other reason."

---

[1]While most all of the statement appears to have been printed or typed, the word "serious" was included after the fact via handwriting.  Moreover, several sets of initials appear next to the word.

Another instrument appearing of record is appellant's written ". . . Waiver of Rights to Indictment by a Grand Jury." It too describes the offense for which he was being prosecuted as the attempt to commit aggravated assault with a deadly weapon, and through the same instrument he agreed to "be charged . . . by a written information . . . ." That the "offense with which [he was] charged [was] a non-capital felony" was also mentioned in the writing.

We allude to the foregoing circumstances because the information filed by the State averred that appellant had "intentionally, knowingly, or recklessly attempt[ed] to cause bodily injury . . . by striking . . . [the victim] in the face with a closed fist." Given the absence from the information of the word "serious" before the phrase "bodily injury" as well as any allusion to appellant's purported use or exhibition of a deadly weapon, the actual charge it described was nothing more than a misdemeanor. And, therein lies the problem since appellant was convicted of and punished for committing a felony.

So, what the Court of Criminal Appeals has effectively done by reversing our prior decision and directing us to consider the circumstances through its opinion in *Kirkpatrick* is to require us to determine if the State really intended to charge appellant with a felony and if appellant had notice of that. *Garza v. State*, No.PD-1761-08, 2010, Tex. Crim. App. LEXIS 93 (Tex. Crim. App. February 10, 2010) (not designated for publication). If the answer to those questions is "yes," then the district court had jurisdiction over the cause, and the punishment levied was legal.

*Discussion*

The answer to both questions is "yes."

3

The circumstances in *Kirkpatrick* were similar to those before us. The trial court had convicted Kirkpatrick of a felony while the State simply charged him with a misdemeanor via the "indictment." As noted by the Court of Criminal Appeals, omitted from the "indictment" was "an element necessary to charge a felony." *Kirkpatrick v. State*, 279 S.W.3d at 328-29. Nonetheless, the Court concluded that the State had intended to charge appellant with a felony and he had notice of that. *Id.* at 329. And, it reached that conclusion because 1) the felony offense existed, 2) the indictment was returned to a "felony court," 3) the indictment described the crime as a ". . . 3rd Degree Felony . . . ," 4) the section of the Penal Code implicated by appellant's conduct was stated in the indictment, and 5) that Code section "was easily ascertainable." *Id.* So, since appellant knew the State intended to charge him with a felony, the district court had subject-matter jurisdiction over the proceeding, and appellant was obligated to voice any complaint about the sufficiency of the charging instrument before the date of trial. *Id.* Simply put, we are told from *Kirkpatrick* that if the circumstances illustrate that the State intended to charge the accused with a felony and the appellant had notice of that, then the offense charged is actually a felony. And, it is this test that we apply here.

While the charging instrument before us described a misdemeanor, appellant executed documents alluding to the offense as a "felony," acknowledging that he was charged with "a non-capital felony," and stipulating to factual circumstances constituting the felony offense of attempting to commit aggravated assault. Thus, we cannot but conclude that the State intended to charge him with a felony and he knew it. This in turn means that the charge brought against appellant was a felony, the district court had jurisdiction over the criminal prosecution, the sentence it levied (that applicable to the

4

felony in question) was legal, any complaints regarding the sufficiency of the information could not be considered via an appeal from the decision to revoke probation, and the evidence was more than sufficient to support the conviction.

We overrule the issues and affirm the judgment.


Brian Quinn
Chief Justice


Hancock, J., concurs.


Do not publish.