NO. 07-08-0036-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
C

 

                                                           SEPTEMBER 8, 2010

                                            ______________________________

 

                                                           ALVIN MIKE GARZA,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                         _________________________________

 

                          FROM THE
242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B16807-0605; HON. ED SELF, PRESIDING

_______________________________

 

Memorandum Opinion on Remand from the Court of
Criminal Appeals

_______________________________

 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            This appeal returns to us via the
directive of the Texas Court of Criminal Appeals.  It vacated our prior decision and remanded
the cause to enable us to consider the impact, if any, of Kirkpatrick v. State, 279 S.W.3d 324 (Tex. Crim. App. 2009) upon
the dispute.  The dispute in question
involved the trial court’s jurisdiction over the criminal prosecution, the
sufficiency of the evidence supporting the conviction and the purported illegality
of the punishment levied.  We conclude
that Kirkpatrick is indeed
influential and affirm the trial court’s judgment.  

Background

Appellant
was charged with attempted aggravated assault and plead guilty in exchange for
a recommended sentence of ten years in prison probated for ten years.  Subsequently, the State filed a motion to
revoke probation.  A hearing was held and
the trial court found that appellant had violated his probation and sentenced
appellant to ten years in prison.  

In
reviewing the facts of the case, we note that the record contains a stipulation
of evidence signed by appellant.  Through
it, he admitted that on “the 25th day of February . . . 2006, . . . [he] did then and there: intentionally, knowingly,
or recklessly attempt to cause serious bodily injury to Norma Marmolego, by striking . . . [her] in the face with a
closed fist.”[1] (Emphasis added). 
Furthermore, a document entitled the “Presentment of Complaint and Information”
included in the appellate record described the offense for which appellant was
charged as “Attempt to Commit Agg Assault W/Deadly Weapon,
a Felony.”  In conjunction with waiving
his right to a jury trial, appellant also signed a document entitled
“Admonition of Rights.”  Through it, he
waived “service of indictment,” acknowledged that the range of punishment for
the offense of “attempt to commit aggravated assault with a deadly weapon” was “2
to 10 YEARS [with] AN OPTIONAL FINE NOT TO EXCEED $10,000 . . . ,” and
represented that he was entering a guilty plea “because I am guilty of the
offense of Attempt[ing] to Commit AGG ASSAULT
W/DEADLY WEAPON, and for no other reason.”

Another
instrument appearing of record is appellant’s written “. . . Waiver
of Rights to Indictment by a Grand Jury.”  It too describes the offense for which he was
being prosecuted as the attempt to commit aggravated assault with a deadly
weapon, and through the same instrument he agreed to “be charged . . . by a written information . . . .”  That the “offense with which [he was] charged
[was] a non-capital felony” was also mentioned in the writing.

We
allude to the foregoing circumstances because the information filed by the
State averred that appellant had “intentionally, knowingly, or recklessly attempt[ed] to cause bodily injury . . .  by striking . . . [the victim] in the face
with a closed fist.”  Given the absence
from the information of the word “serious” before the phrase “bodily injury” as
well as any allusion to appellant’s purported use or exhibition of a deadly
weapon, the actual charge it described was nothing more than a
misdemeanor.   And, therein lies the problem since appellant was convicted of and
punished for committing a felony.   

So,
what the Court of Criminal Appeals has effectively done by reversing our prior
decision and directing us to consider the circumstances through its opinion in Kirkpatrick is to require us to determine
if the State really intended to charge appellant with a felony and if appellant
had notice of that.  Garza v. State, No.PD-1761-08, 2010,
Tex. Crim. App. Lexis 93 (Tex.
Crim. App. February 10, 2010) (not designated for publication).  If the answer to those questions is “yes,” then
the district court had jurisdiction over the cause, and the punishment levied
was legal.  

Discussion

The
answer to both questions is “yes.”  

The
circumstances in Kirkpatrick were
similar to those before us.  The trial
court had convicted Kirkpatrick of a felony while the State simply charged him with
a misdemeanor via the “indictment.”  As noted
by the Court of Criminal Appeals, omitted from the “indictment” was “an element
necessary to charge a felony.” Kirkpatrick
v. State, 279 S.W.3d at 328-29.  Nonetheless, the Court concluded that the
State had intended to charge appellant with a felony and he had notice of that.  Id. at 329.  And, it
reached that conclusion because 1) the felony offense existed, 2) the
indictment was returned to a “felony court,” 3) the indictment described the
crime as a “. . . 3rd Degree Felony . . . ,” 4) the section of the
Penal Code implicated by appellant’s conduct was stated in the indictment, and
5) that Code section “was easily ascertainable.”  Id.  So, since appellant knew the State intended
to charge him with a felony, the district court had subject-matter jurisdiction
over the proceeding, and appellant was obligated to voice any complaint about
the sufficiency of the charging instrument before the date of trial.  Id.  Simply put, we are told from Kirkpatrick that if the circumstances
illustrate that the State intended to charge the accused with a felony and the
appellant had notice of that, then the offense charged is actually a
felony.  And, it is this test that we
apply here.  

While
the charging instrument before us described a misdemeanor, appellant executed
documents alluding to the offense as a “felony,” acknowledging that he was
charged with “a non-capital felony,” and stipulating to factual circumstances
constituting the felony offense of attempting to commit aggravated
assault.  Thus, we cannot but conclude
that the State intended to charge him with a felony and he knew it.  This in turn means that the charge brought
against appellant was a felony, the district court had jurisdiction over the
criminal prosecution, the sentence it levied (that applicable to the felony in
question) was legal, any complaints regarding the sufficiency of the
information could not be considered via an appeal from the decision to revoke
probation, and the evidence was more than sufficient to support the
conviction.  

We
overrule the issues and affirm the judgment.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

 

Hancock,
J., concurs.

 

 

 

Do not publish.











[1]While most all of the
statement appears to have been printed or typed, the word “serious” was
included after the fact via handwriting. 
Moreover, several sets of initials appear next to the word.