Affirmed in Part as Reformed, Reversed and
Remanded in Part, and Majority and Concurring Opinions filed October 21,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00247-CR



Tholonaus
Darrell Pomier, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 212th District Court

Galveston County, Texas

Trial Court
Cause No. 07CR1549



 

C O N C U R R I N G   O P I N I O N

This is an uncommon case:  the charging instrument
filed against appellant alleged misdemeanor stalking under a prior statute; the
charging instrument was filed in district court—not county court; and appellant
was convicted of and sentenced to 20 years in district court for felony
stalking—not misdemeanor stalking as alleged in the indictment.  The Court of
Criminal Appeals has recently held that a district court is vested with subject-matter
jurisdiction over a charging instrument alleging a misdemeanor offense if the
instrument notifies the accused that the State intends to charge a felony.  See
Garza v. State, No. 1761-08, 2010 WL 454942, at *3 (Tex.
Crim. App. Feb. 10, 2010); see also Kirkpatrick v. State, 279
S.W.3d 324, 329 (Tex. Crim. App. 2009).  Following Kirkpatrick, the
majority opinion in this case concludes that the district court was vested with
jurisdiction over appellant’s misdemeanor stalking offense.  And because this
Court is bound by Kirkpatrick, I agree with the majority opinion’s
disposition of appellant’s jurisdictional argument.  However, as a matter of
constitutional jurisprudence, I concur to express that Kirkpatrick’s
holding runs afoul of the constitutional and statutory mandates for district
court jurisdiction.

A.  Constitutional and Statutory Mandates For District Court
Jurisdiction

Subject-matter jurisdiction is mandatory and cannot
be judicially created or conferred—this type of jurisdiction exists by reason
of that authority vested in the court by the state’s constitution and
statutes.  See Garcia v. Dial, 596 S.W.2d 524, 527 (Tex. Crim.
App. 1980).   Unless the authority of a court to perform a contemplated act can
be found in the Texas Constitution or laws enacted thereunder, that court is
without jurisdiction.  Id. (quoting Ex parte Armstrong, 110 Tex. Crim.
362, 8 S.W.2d 674, 675–76 (1928)).  Further encompassed by subject-matter
jurisdiction is the court’s authority to carry the sentence or the judgment of
the court into execution.  Id. at 528.  

Article V, section 8 of the Texas Constitution
provides that district courts have original jurisdiction in all criminal cases
of the grade of felony.  Tex. Const. art. V, § 8.  Furthermore, article 4.05 of
the Texas Code of Criminal Procedure provides that district courts have
subject-matter jurisdiction over felonies, misdemeanors involving official
misconduct, and misdemeanor cases transferred to the district court under
article 4.17 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005).    However, subject-matter jurisdiction over all
misdemeanors of which exclusive jurisdiction is not given to the justice court,
and when the fine to be imposed exceeds $500, is conferred upon the county
courts by statute and the Texas Constitution.  Tex. Const. art. V, § 16; Tex.
Code. Crim. Proc. Ann. art. 4.07.

 

B.  Kirkpatrick
Improperly Confers 

Subject-Matter Jurisdiction Over
Misdemeanor Offenses to District Courts

            The defendant in Kirkpatrick
was charged with misdemeanor tampering with a government record; however, the
charging instrument was filed in a district court.  279 S.W.3d at 324–25.  The Kirkpatrick
court vested the district court with subject-matter jurisdiction over the
misdemeanor offense, reasoning:

[A]lthough the indictment properly charged a misdemeanor
and lacked an element necessary to charge a felony, the felony offense exists,
and the indictment’s return in a felony court put appellant on notice that the
charging of the felony offense was intended. . . Appellant had adequate notice
that she was charged with a felony. 

Id. at 329.  Under Kirkpatrick,
a district court is vested with subject-matter jurisdiction over a misdemeanor
offense so long as the accused has notice that a felony is intended to be
charged.  While the indictment serves two functions—it provides notice of the
offense to allow a defendant an opportunity to prepare a defense and serves to
vest a court with jurisdiction—Kirkpatrick confuses these distinct functions. 
Contrary to Kirkpatrick’s reasoning, subject-matter jurisdiction does
not relate to an accused’s right to notice.  See Garcia, 596 S.W.2d at
528 n.5 (quoting 15 Tex. Jur. 2d § 50 (1960)).  Subject-matter jurisdiction
vests only upon the filing of a valid indictment in the appropriate court. 
Cook v. State, 902 S.W.2d 471, 476 (Tex. Crim. App. 1995).  Notice that
the State intends to charge a felony does not vest a district court with
subject-matter jurisdiction over a misdemeanor.  See id.  By conferring
subject-matter jurisdiction over a misdemeanor to a district court merely when
the accused has notice, Kirkpatrick improperly bestows subject-matter
jurisdiction to district courts outside the Texas Constitution and the Code of
Criminal Procedure.  See Garcia, 596 S.W.2d at 527 (reasoning that
subject-matter jurisdiction exists by reason of that authority vested in the
court by the Constitution and statutes).    

 

In the instant case, appellant was charged with
misdemeanor stalking.  A district court’s jurisdiction is limited to felony
cases, except for instances that do not apply here.  Tex. Const. art. V, § 8;
Tex. Code Crim. Proc. Ann. art. 4.05.  Thus, under the Texas Constitution and
the Code of Criminal Procedure, the district court was without subject-matter jurisdiction. 
Because the trial court had no jurisdiction over the charged misdemeanor
offense, any action taken by the trial court should be deemed void.  See Garcia,
596 S.W.2d at 528 n.5; see also Silva v. State, No. 01-02-01137-CR, 2003
WL 21805497, at *1 (Tex. App.—Houston [1st Dist.] Aug. 7, 2003, no pet.) (mem.
op. on reh’g, not designated for publication).   However, because this Court is
bound by the precedent set forth by the Court of Criminal Appeals in Kirkpatrick,
I join the opinion of this Court and respectfully concur only to address the
unconstitutionality of Kirkpatrick.  

                                                                                                                                                                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce (Yates, J. majority).

Publish
— Tex. R. App. P. 47.2(b).