IN THE
TENTH COURT OF APPEALS



No. 10-12-00216-CR
No. 10-12-00217-CR

MARK KEN TAFEL,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 220th District Court
Hamilton County, Texas
Trial Court Nos. CR07724 and CR07725

## MEMORANDUM  OPINION

In each cause number, the trial court convicted Mark Ken Tafel of the offense of

unlawful carrying of a handgun by a license holder and assessed his punishment at a

fine of $1,500.00.  We vacate and remand.

### Background Facts

Mark Ken Tafel is a County Commissioner for Hamilton County.  Sheriff Gregg

Bewley met with Tafel in February 2011 over concerns that Tafel was carrying a

concealed handgun to meetings of the Commissioners Court and informed Tafel that he was not authorized to bring a weapon to the meetings. On April 14, 2011, County Judge Randy Mills issued a letter to Tafel authorizing Tafel to carry concealed handguns to the meetings. Judge Mills gave a copy of the letter to Tafel and also kept a copy for himself. Judge Mills did not file the letter in any court in Hamilton County.

On November 14, 2011, Sheriff Bewley attended the meeting of the Commissioners Court and observed a bulge that he believed was a weapon under Tafel's left arm. Sheriff Bewley recovered a .45 caliber handgun and a .22 caliber revolver from Tafel, and he placed Tafel under arrest.

Tafel was indicted on two felony charges and two misdemeanor charges related to the incident. The trial court acquitted Tafel on the felony charges and convicted him on the misdemeanor charges.

## Jurisdiction

In his first issue, Tafel argues that the 220th District Court of Hamilton County did not have subject-matter jurisdiction over the misdemeanor charges. The Texas Code of Criminal Procedure states that:

> District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code.

TEX. CODE CRIM. PRO. ANN. art. 4.05 (West 2005). A county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct

and cases in which the highest fine that may be imposed is $500 or less. TEX. GOV'T CODE ANN. § 26.045 (a) (West Supp. 2012).

The State argues that the charges were within the subject-matter jurisdiction of the district court because the charges involve official misconduct. Official misconduct is defined as "an offense that is an intentional or knowing violation of a law committed by a public servant while acting in an official capacity as a public servant." TEX. CODE CRIM. PRO. ANN. art. 3.04 (1) (West 2005). Tafel argues that the indictment did not allege official misconduct so as to invest the district court with subject-matter jurisdiction.

To constitute an indictment, the charging instrument must charge: (1) a person, and (2) the commission of an offense. *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007). The proper test to determine if a charging instrument alleges "an offense" is whether the allegations in it are clear enough that one can identify the offense alleged. *Teal v. State*, 230 S.W.3d at 180.

In *Teal*, the indictment alleged the offense of hindering apprehension, but the indictment failed to include an allegation that the defendant had knowledge of the suspect's status as a fugitive felon, the element that raised the offense to a felony. The Court found that the indictment was defective because it omitted one of the two elements that raise hindering apprehension from a misdemeanor to a felony, but it was nonetheless sufficient to vest jurisdiction because it charged "an offense" and one could fairly conclude from the face of the charging instrument that the State intended to charge a felony offense. *Teal v. State*, 230 S.W.3d 172, 182. The Court further found that

the appellant should have objected to the defective indictment if he was confused about whether the State did or intended to charge him with a felony. *Id*.

In *Kirkpatrick v. State*, the appellant was indicted for one felony offense and two misdemeanor offenses. The appellant was convicted of the two misdemeanor offenses and argued on appeal that the district court lacked subject-matter jurisdiction over the misdemeanor offenses. *Kirkpatrick v. State*, 279 S.W.3d 324 (Tex. Crim. App. 2009). The Court found that "although the indictment properly charged a misdemeanor and lacked an element necessary to charge a felony, the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of the felony offense was intended." *Kirkpatrick v. State*, 279 S.W.3d at 329. The Court further noted that "the face of each indictment contains a heading: 'Indictment-Tampering with a Governmental Record 3rd Degree Felony,--TPC § 37.10(a)-Code 73990275.'" *Id*. The Court held that because Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the State intended to charge a felony offense, the district court had subject-matter jurisdiction. Appellant had adequate notice that she was charged with a felony. If she had confusion about whether the State did, or intended to, charge her with a felony, she could have, and should have, objected to the defective indictment before the date of trial.

In the case before us, the indictments alleged that Tafel:

did then and there, in Hamilton County, Texas, while [Tafel] was a person licensed to carry a handgun under Subchapter H, Chapter 411, Government Code of Texas, intentionally or knowingly carry a handgun under Subchapter H, Chapter 411, at a meeting of a governmental entity,

> to-wit: a meeting of the Hamilton County, Texas Commissioners Court at the Hamilton County Texas Courthouse Annex District Courtroom…

The indictments do not allege that Tafel was a public servant acting in his official capacity. The indictments do not in any way reference official misconduct, nor do they clearly indicate that the State intended to charge Tafel with official misconduct. The indictments reference TEX. PENAL CODE ANN. § 46.035 (c) (West 2011). Section 46.035 is a misdemeanor offense and cannot be elevated to a felony offense. Unlike *Teal* and *Kirkpatrick*, the indictments do not omit an element necessary to raise the offense from a misdemeanor to a felony offense. The indictments do not give Tafel adequate notice that the State intended to charge him with misdemeanors involving official misconduct.

> The Texas Code of Criminal Procedure states:
>
> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PRO. ANN. art. 1.14 (b) (West 2005). The indictments properly charged misdemeanor offenses. Unlike *Teal* and *Kirkpatrick*, the indictments were not defective in failing to allege an element of the felony offense, and Tafel did not waive his complaint.

Additionally, prior to the start of the bench trial, the trial court noted that the cases were misdemeanors.

> THE COURT: … In Cause 7724 and 7725, although indicted by the Grand Jury, these are, in fact, Class A Misdemeanor cases; is that correct?
>
> STATE: I believe that's correct.

THE COURT: Is that correct, Mr. Lewellen?

MR. LEWELLEN: It is, Your Honor.

THE COURT: And to the extent that these are misdemeanor cases that might not otherwise be necessarily in the jurisdiction of the District Court, is there an agreement that the District Court, being the 220th District Court of Hamilton County, that the Court has jurisdiction of these cases for all purposes?

MR. LEWELLEN: Yes, Your Honor.

THE COURT: And do you agree, Mr. Tafel?

THE DEFENDANT: Yes, sir. And the State?

THE STATE: We agree, Your Honor.

The State did not inform the trial court or Tafel that the cases were misdemeanors involving official misconduct and that, therefore, the district court had jurisdiction over the charges. The parties acknowledged that the charges were misdemeanors and agreed that the District Court had jurisdiction. Subject-matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute. *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds*, *State v. Medrano*, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002).

The district court did not have subject-matter jurisdiction over the misdemeanor offenses. The indictments did not allege a misdemeanor involving official misconduct to give the district court jurisdiction over the charges. We sustain Tafel's first issue on appeal. Because of our disposition of the first issue, we need not address the remaining issues. TEX. R. APP. P 47.1.

## Conclusion

Because the trial court lacked jurisdiction to hear the causes, we vacate the judgments of the trial court and remand the causes to the district court. The district court is instructed to transfer the causes to the county court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Vacated and remanded
Opinion delivered and filed February 21, 2013
Do not publish
[CR25]