

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0086-18

**DEONDRE J. JENKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

YEARY, J., filed a concurring opinion.

### CONCURRING OPINION

Article V, Section 12(b) of the Texas Constitution defines an indictment to be "a written instrument presented to a court by a grand jury charging *a person* with the commission of an offense." TEX. CONST. art. V, § 12(b) (emphasis added). It also authorizes the Legislature to prescribe "practices and procedures relating to the use of indictments . . . including their . . . requisites[.]" *Id*. According to Article 21.02 of the Texas Code of Criminal Procedure, an indictment is "deemed sufficient if it has the following requisites: 1.

It shall commence, 'In the name and by authority of The State of Texas'[,]" and "4. It must contain the name of the accused[.]" TEX. CODE CRIM. PROC. art. 21.01, §§ 1 & 4.

The Majority today declares that the indictment in this cause was "defective" because it did not contain the name of the accused, but that this defect did not prevent the instrument from constituting an "indictment" in contemplation of Article V, Section 12(b). Majority Opinion at 11. In deciding whether the instrument in this case is an "indictment," the Court goes beyond the "specific formal requisites" to look at "the indictment as a whole"—or, in other words, "the face" of the indictment—in order to determine whether it "contain[s] the name of the accused." *Id*. at 12 (citing *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007), and *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009)). Because the instrument as a whole notified Appellant that he was, indeed, "the defendant" who was alluded to within the "specific formal requisites" of the instrument, it counted as an "indictment" for purposes of Article V, Section 12(b), competent to vest jurisdiction over the person, "defective" though it may have been. *Id*. at 13.

I agree that all of this is consistent with the case law as it has developed since the Court decided *Cook v. State*, 902 S.W.2d 471 (Tex. Crim. App. 1995). For that reason, I join the Court's opinion today, with only one small caveat. The Court says: "In this case, the indictment did not 'contain the name of the accused.'" Majority Opinion at 11. This statement is true only as measured against the "specific formal requisites" spelled out by statute. It is not an accurate statement, however, as measured against both *Teal*'s and

*Kirkpatrick*'s assessments of the constitutional understanding of an indictment, which would include the broader "face" of the indictment. If, when looking to "the indictment as a whole"—the "face" of the indictment—it is possible to identify "the name of the defendant," then we should just acknowledge that—for constitutional purposes—the indictment *does* "contain the name of the accused." The indictment may still be objectionable inasmuch as it does not meet the "specific formal requisites" of Article 21.02; but it remains an "indictment" that "contains the name of the accused" for purposes of vesting the convicting court with jurisdiction over the person of the defendant.

With this added observation, I join the Court's opinion.


FILED:          December 5, 2018
PUBLISH