

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,114-01

### Ex parte JAMES McDONALD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015CR12465-W1 IN THE 175TH DISTRICT COURT
### OF BEXAR COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEEL, J., joined.**

Applicant contends that his attorneys were ineffective for advising him that he was subject to punishment for aggravated sexual assault, a first-degree felony with a possible sentence of up to life in prison. He claims that he was subject to punishment for only a second-degree felony (two to twenty years) because the indictment failed to allege aggravated sexual assault but alleged, at most, the second-degree offense of indecency with a child. He claims that, had he known he was subject to punishment only on the lesser offense, he would not have pleaded guilty.

But in order for there to be ineffective assistance of counsel, the record would have to show either that the indictment was fundamentally defective or that it actually failed to allege the first-degree felony. The fact that an indictment fails to allege all of the elements of an offense does not

render it fundamentally defective. And if it did, Appellant's indictment would fail to allege either a first-degree or a second-degree offense, because it fails to allege all of the elements of either offense. To determine whether the indictment actually failed to allege the first-degree felony, we should examine the record.

Three aspects of the indictment make it clear that the indictment was intended to charge the first-degree felony offense of aggravated sexual assault and not the second-degree felony offense of indecency with a child. First, the caption of the indictment says "AGG SEXUAL ASSAULT-CHILD."[1] Second, the indictment alleged that the child was younger than 14 years old, which is an element included within one of the statutory methods of committing aggravated sexual assault but not included in the offense of indecency with a child, which requires only that the child be under age 17.[2] Third, the indictment did not include an element unique to indecency with a child—"with intent to arouse or gratify . . . sexual desire."[3]

Moreover, the investigative reports contained evidence of penetration. A summary of a forensic interview of the child stated that the child had said she felt Applicant's "fingers inside her." An email from the school counselor also stated that the child had told her that Appellant "would go into her room at night when her mom was asleep and put his fingers inside of her."

In determining what offense an indictment charges, courts must "look to the indictment as a whole, not just to its specific formal requisites."[4] In the usual case, the failure to object to a

---

[1] *See Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009).

[2] *Compare* TEX. PENAL CODE § 22.021(a)(2)(B) *with id.* § 21.11(a).

[3] *See id.* § 21.11(a)(1), (c).

[4] *Kirkpatrick*, 279 S.W.3d at 328.

defective indictment before the date of trial forfeits any claim that the conviction is invalid.[5] Applicant pled nolo contendere to an indictment that purported to allege the first-degree felony of aggravated sexual assault of a child but that failed to allege penetration. That indictment was sufficient to support a conviction for aggravated sexual assault in the absence of an objection. If counsel had objected to the indictment, it could have been amended to include the missing "penetration" allegation, and the evidence would support that allegation. So it was accurate to advise Applicant that he was subject to being punished for a first-degree felony.

I respectfully dissent.

Filed: December 19, 2018
Publish

---

[5] *Id.* at 328-29.