

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0197-22, PD-0198-22, PD 0199-22

### FRANCISCO DELAROSA JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS LIBERTY COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

The question here is whether Appellant's indictment charged him only with non-consensual sexual assault or also charged him with sexual assault of a child. I would hold that the indictment was defective, and it also charged him with sexual assault of a child, and so he was properly convicted of that offense. I respectfully dissent.

## I. BACKGROUND

Appellant was charged with three offenses in one indictment. The caption titled each of these offenses "Sexual Assault of a Child" and cited Penal Code § 22.011(a)(2), the provision that makes

sexually assaulting a child an offense.[1] But the body of the indictment referred only to non-consensual sexual assault, saying in each count that Appellant "did then and there intentionally and knowingly contact the sexual organ of L.A.M., a pseudonym, hereafter styled the complainant, by defendant's sexual organ, without the consent of the complainant." The indictment is set out in its entirety below:

Assigned to the 253ʳᵈ Judicial District Court
No. CR 34057                                       Bond Amount:_____
The State of Texas vs. FRANCISCO DELAROSA, JR.
DA Case # F14162

| Charge: | | |
|---|---|---|
| Count I - SEXUAL ASSAULT OF A CHILD | | 22.011(a)(2) Penal Code |
| TRN#9230702072 A001 | | WARRANT #F14162 |
| | | |
| Count II – SEXUAL ASSAULT OF A CHILD | | 22.011(a)(2) Penal Code |
| TRN#9230702072 D001 | | |
| | | |
| Count III – SEXUAL ASSAULT OF A CHILD | | 22.011(a)(2) Penal Code |
| TRN#9230702072 D002 | | |

Witness: Christine Ruiz   L.A.M., a pseudonym

---

### TRUE BILL OF INDICTMENT

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, duly selected, organized, sworn and impaneled as such for the County of Liberty, State of Texas, at the July term, A.D. 2018, of the 253rd Judicial District Court for said County, upon their oaths do present in and to said Court that on or about the 14th day of February A.D. 2016, in the County of Liberty and State of Texas, and anterior to the presentment of this indictment, FRANCISCO DELAROSA, JR. did then and there intentionally or knowingly contact the sexual organ of L.A.M., a pseudonym, hereafter styled the complainant, by defendant's sexual organ, without the consent of the complainant,

COUNT II

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 15th day of October, 2016, in Liberty County, Texas, and anterior to the presentment of this indictment, FRANCISCO DELAROSA, JR., did then and there intentionally or knowingly contact the sexual organ of L.A.M., a pseudonym, hereafter styled the complainant, by defendant's sexual organ, without the consent of the complainant,

---

[1] See TEX. PENAL CODE § 22.011(a)(2).

COUNT III

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 15th day of July, 2017, in Liberty County, Texas, and anterior to the presentment of this indictment, FRANCISCO DELAROSA, JR., did then and there intentionally or knowingly contact the sexual organ of L.A.M., a pseudonym, hereafter styled the complainant, by defendant's sexual organ, without the consent of the complainant,

against the peace and dignity of the State.

_W. C. Hett_
Foreman of the Grand Jury

FILED
at 12:58 o'clock P M
AUG 15 2018
DONNA G. BROWN
Clerk District Court, Liberty TX
BY Rebecca Coopan DEPUTY

As the Court explains, no objections were raised to any of this language in the indictment.

## II. ANALYSIS

A line of cases beginning with *Studer v. State*[2] holds that a missing element of an offense in

---

[2] *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App 1990).

a charging instrument is a defect that is forfeited if not objected to before trial.[3] At issue in this case is whether the indictment alleges only a complete offense that the State failed to prove—non-consensual sexual assault—or whether it also alleges, incompletely, an offense the State did prove—sexual assault of a child. If the former is true, then there were no defects to forfeit and the evidence was insufficient to prove the complete offenses alleged. If the latter is true, then Appellant forfeited the defects in the indictment by failing to object and the evidence is sufficient to support Appellant's conviction on the incompletely alleged offenses.

The victim's status as a "child" is missing from the body of the indictment but is included in the caption. If we look solely at the body of the indictment, it appears to allege only complete offenses of non-consensual sexual assault, codified under Penal Code § 22.11(a)(1).[4] But if we include in our consideration the caption of the indictment, then the indictment also alleges the offenses of sexual assault of a child, codified under Penal Code § 22.11(a)(2).[5] We must determine, then, whether we can look at the caption of the indictment to determine whether the indictment is a defective charging instrument alleging sexual assault of a child. The cases suggest that the answer to that question is "yes."

In *Kirkpatrick v. State*, the body of the indictment alleged everything needed to charge a misdemeanor offense of tampering with a governmental record and failed to include allegations needed to charge a felony offense of tampering with a governmental record.[6] We pointed out that

---

[3] *Do v. State*, 634 S.W.3d 883, 895 (Tex. Crim. App. 2021); *Studer*, *supra* at 268, 273.

[4] *See* TEX. PENAL CODE § 22.011(a)(1).

[5] *See id.* §22.011(a)(2).

[6] 279 S.W.3d 324, 326 (Tex. Crim. App. 2009).

tampering can be a felony offense and that the indictment's return in a felony court put the defendant on notice that a felony offense was charged.[7] We also noted that the face of each indictment included the heading, "Indictment-Tampering with a Governmental Record 3rd Degree Felony,--TPC § 37.10(a)-Code 73990275," and we found that this notation "clearly indicated that the state intended to charge a felony offense."[8] *Jenkins v. State* held that, after *Kirkpatrick*, "we look at the charging instrument 'as a whole,'" which includes the caption.[9] In *Jenkins*, the defendant's name did not appear in the body of the indictment but appeared in the caption.[10]

It is true that *Kirkpatrick* and *Jenkins* are not quite like this case. In *Kirkpatrick* and in *Jenkins*, the issue was jurisdiction, not sufficiency of the evidence. But that is beside the point. If an unobjected-to indictment charges a particular offense, then it does so for all purposes—jurisdiction, notice, and sufficiency of the evidence. The question for sufficiency purposes is whether a particular theory of the offense would be included in a hypothetically correct jury charge.[11] And that depends in turn on whether the theory of the offense is authorized by the indictment.[12] If the indictment, though defective, authorizes conviction for an offense, then that offense is part of the hypothetically correct jury charge for sufficiency purposes.

The Court's contention that we can treat a caption differently for sufficiency purposes than

---

[7] *Id.* at 329.

[8] *Id.*

[9] 592 S.W.3d 894, 899-900 (Tex. Crim. App. 2018).

[10] *Id.* at 896-97, 901.

[11] *Curry v. State*, 30 S.W.3d 394, 404-05 (Tex. Crim. App. 2000).

[12] *Id.* at 404.

for jurisdictional purposes invites anomalous results. It would mean that a caption could give a district court jurisdiction by naming a felony offense,[13] but a conviction would not actually be authorized for the felony offense. For example, suppose the body of an indictment alleged the elements of offensive-touching assault,[14] a Class C misdemeanor,[15] but the caption was titled "Indecency With a Child" and cited the Penal Code provision making that latter offense a second-degree felony.[16] If the Court's reasoning were correct, the caption would give the district court jurisdiction but would not actually authorize a conviction for indecency with a child. I think that cannot be correct.

And, with the exception of crossing the jurisdictional divide, the two offenses in my example are similar to the offenses in this case. If the offensive-touching assault described the allegedly offensive touching as a touching of the victim's breast,[17] for example, all that would be needed to make the offense one of indecency with a child would be an allegation that the victim was a "child," which the caption in my example provides. And the element that makes an offensive-touching offensive—"when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative[18]—is analogous to the lack-of-consent element for sexual assault

---

[13] *See* TEX. CODE CRIM. PROC. art. 4.05 ("District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony . . .").

[14] *See* TEX. PENAL CODE § 22.01(a)(3).

[15] *See id.* § 22.01(c).

[16] *See id.* § 22.01(a)(1), (d).

[17] *See id.* § 21.11(a)(1).

[18] *See id.* § 22.01(a)(3).

in our case. The "offensive or provocative" element would not be met, for example, if the child indicated that she wanted the touching, which is the reason in the present case that the evidence does not show lack of consent.

Here, the caption said "sexual assault of a child" and cited "22.011(a)(2) Penal Code." By doing so, the indictment clearly conveyed that the victim was a child.[19] The body of the indictment should have alleged that the victim was a child. But because the caption did indicate that, the failure of the body of the indictment to allege it made the indictment ambiguous, meaning that it was defective. Appellant should have objected, and his failure to object forfeited his right to claim that he was not charged with sexual assault of a child. The Penal Code provision that codified sexual assault of a child was "easily ascertainable" from the indictment[20] because the indictment cited the provision. In any event, the provision could be located once one knew that a "child" was involved in the sexual conduct described in the body of the indictment.[21]

The Court says that the body of the indictment was not defective because it alleged a complete offense of non-consensual sexual assault. But, as I explained above, if the caption can be taken into account to confer jurisdiction, then it is part of the indictment, and the indictment here is defective when looked at "as a whole."

---

[19] "Child" is defined for purposes of all of § 22.011 as "a person younger than 17 years of age."

[20] *See Jenkins*, 592 S.W.3d at 900 (quoting *Kirkpatrick*, 279 S.W.3d at 329); *Duron*, 956 S.W.2d at 552 ("The failure to include one or more elements of the offense in the indictment, while a defect of substance, is not a defect of constitutional magnitude causing the indictment not to be an indictment under Texas Constitution Article V, § 12 provided the indictment charges an identifiable offense under the Texas Penal Code.").

[21] *See* TEX. PENAL CODE § 22.011(a)(2).

It is of course true that the indictment in this case clearly alleges non-consensual sexual assault, but that is not necessarily inconsistent with it also alleging sexual assault of a child. Sexual assault is a nature-of-conduct offense, not a circumstances surrounding the conduct offense,[22] so the status of a victim as non-consenting or as a child are facts that create alternative methods of commission rather than separate offenses. Both could have been submitted to the jury as part of a single offense.

No one is, at this point, disputing that Appellant committed sexual assault of a child, and that is what the jury found him guilty of. If Appellant is acquitted here, the State will not be able to retry him for that offense, precisely because it is an alternative method of committing sexual assault. Acquittal—the "greatest form of relief in the criminal system"[23]—is a harsh remedy for a defendant who has been found guilty of an offense that can be derived from the face of the indictment. Because the indictment, though defective, sufficiently alleged sexual assault of a child, the jury was authorized to return a verdict on that offense, and we should uphold the jury's verdict against Appellant's sufficiency challenge.[24] Because the Court does not, I respectfully dissent.

---

[22] *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008).

[23] *Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997).

[24] Responding to the State for faulting Appellant for not objecting to the indictment, the Court says that the State does not suggest a reasonable strategy that would have supported such an objection. But my point is that the indictment is in fact *defective* because of the variance between the caption and the body of the indictment. So an objection could result in clarifying the offense being charged, and if the defendant does not object, he forfeits any hope of relief. This situation is no different from any other defect in an indictment that, if objected to, the State could cure. The whole point of the Texas constitutional amendment that gave rise to *Studer* was to require the defendant to raise charging-instrument defects before trial, giving the State the opportunity to cure them, rather than waiting after trial to raise them on appeal. *See Studer*, 799 S.W.2d at 270-71 ("Clearly the perceived evil they were correcting was the raising of indictment defects for the first time after a trial and conviction and the subsequent reversal of that conviction because of that

Filed: October 4, 2023

Publish

---

defect."), 271 (discussing legislative changes allowing an indictment to be amended).