

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00076-CR

_____

RICHARD DEE PERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29017

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

A Lamar County jury convicted Richard Dee Perry of family violence assault with one prior conviction for family violence assault[1] and, after his punishment was enhanced by two prior felony convictions,[2] assessed him fifty-five years' imprisonment. In this appeal, Perry asserts that (1) the indictment was so deficient that it failed to confer jurisdiction on the trial court, (2) the trial court erred in its charge to the jury by charging on a felony offense when a misdemeanor offense was alleged in the indictment, and (3) the trial court erred in assessing a time payment fee in its judgment. Because we find that the indictment was sufficient to confer jurisdiction and that the trial court did not err in charging the jury on a felony offense, we affirm the trial court's judgment. However, we modify the judgment by deleting the time payment fee.

## I.  The Indictment Sufficiently Alleged a Felony and Invoked the Trial Court's Jurisdiction

In his first issue, Perry asserts that the indictment left out one element of family violence assault so that it alleged a class A misdemeanor, rather than a felony. As a result, he asserts that the indictment was so deficient that it failed to vest the trial court with jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (providing that district courts have original jurisdiction of felony cases and a limited class of misdemeanor cases not applicable in this case).

As Perry correctly points out, an assault causing bodily injury is generally a class A misdemeanor that becomes a third-degree felony only when, as applicable to this case, the assault (1) is committed against a member of the defendant's family or household, or a person

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

[2]*See* TEX. PENAL CODE ANN. § 12.42(d).

with whom the defendant has or has had a dating relationship (collectively "a family member"), and (2) the defendant has a prior conviction for certain specified offenses (including assault) against a family member. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). Perry argues that, although the indictment in this case alleged that he had committed an assault causing bodily injury against a family member and that he had previously been convicted of an offense against a family member, it did not specify what offense he committed against a family member in the prior conviction.[3] As a result, Perry argues, by failing to allege a conviction for one of the specific offenses listed in Section 22.01(b)(2)(A), the indictment omitted one of the elements required to classify the charged offense as a third-degree felony and failed to confer the trial court with jurisdiction.

"The sufficiency of an indictment is a question of law." *Smith v. State*, 494 S.W.3d 243, 247 (Tex. App.—Texarkana 2015, no pet.) (quoting *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)). "[T]o comprise an indictment within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995), *abrogated on other grounds by Jenkins v. State*, 592 S.W.3d 894, 896 (Tex. Crim. App. 2018), (citing TEX. CONST. art. V, § 12(b)). "[A] written instrument is an indictment or information under the Constitution if it

---

[3]In relevant part, the indictment alleged

that **RICHARD DEE PERRY** on or about October 6, 2020 in Lamar County, Texas, anterior to the presentment of this Indictment, did then and there intentionally, knowingly, or recklessly cause bodily injury to Danielle Riggs, a member of the Defendant's family or household or a person with whom the Defendant has or has had a dating relationship by striking Danielle Riggs in the face and/or on her head with his hand,

And before the commission of the charged offense, the Defendant had previously been convicted of an offense against a member of the Defendant's family or household or a person with whom the Defendant has or has had a dating relationship, to-wit: on or about September 4, 2009 in the 6th District Court of Lamar County, Texas in Cause Number 23315.

3

accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Mantooth v. State*, 269 S.W.3d 68, 72 (Tex. App.—Texarkana 2008, no pet.) (quoting *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997)).

"The presentment of a valid indictment vests the district court with jurisdiction of the cause." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, § 12(b)). "Even if an indictment has a substantive defect, it can still qualify as an indictment that vests a district court with jurisdiction." *Id.* (citing *Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)). "However, if an indictment is so defective that it does not meet the constitutional definition of an indictment, it does not vest the court with jurisdiction." *Id.*

In determining whether an indictment is constitutionally sufficient to vest the trial court with jurisdiction, we ask, "Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction?" *Id.* at 899 (quoting *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007)). Further, in examining the indictment, we look at "the indictment as a whole." *Id.* (quoting *Teal*, 230 S.W.3d at 182).

Like Perry, the appellant in *Kirkpatrick v. State* claimed that the indictment, as worded, only charged a misdemeanor, not a felony, so that the trial court did not have jurisdiction. *Kirkpatrick v. State*, 279 S.W.3d 324, 326 (Tex. Crim. App. 2009). The Texas Court of Criminal Appeals acknowledged that the indictment charged a misdemeanor and omitted a necessary element for the felony offense. Nevertheless, it pointed out that "the felony offense exists, and the indictment's return in a felony court put appellant on notice that the charging of the felony

4

offense was intended." *Id.* at 329. In addition, the heading of the indictment set out the charged offense, stated that it was a third-degree felony, and cited the Texas Penal Code section under which the offense was charged. *Id.* As a result, the court held that "[t]he Penal Code section was easily ascertainable, and the notation that the offense was a third-degree felony clearly indicated that the state intended to charge a felony offense and that the district court had subject-matter jurisdiction." *Id.*

Likewise, in this case, the indictment arguably omitted a necessary element for a felony family violence assault. Even so, the face of the indictment's heading states, in relevant part, "**CHARGE: ASSAULT FAMILY OR HOUSEHOLD MEMBER W/PREV. CONV**" and "**THIRD DEGREE FELONY TEXAS PENAL CODE, SECTION 22.01**." As a result, the Penal Code section was clearly ascertainable by the district court and the defendant, and the statement that it was a third-degree felony clearly indicated that the indictment's intent was to charge a felony for which the district court had jurisdiction. *See id.*; *see also Jenkins*, 592 S.W.3d at 899; *Teal*, 230 S.W.3d at 181. As the Texas Court of Criminal Appeals has noted, "If [Perry] had confusion about whether the State did, or intended to, charge [him] with a felony, []he could have, and should have, objected to the defective indictment before the date of trial."[4] *Kirkpatrick*, 279 S.W.3d at 329.

For that reason, we hold that the indictment was sufficient to allege a felony offense and to vest the trial court with jurisdiction. *See id.* We, therefore, overrule Perry's first issue.

---

[4]*See* TEX. CODE CRIM. PROC. ANN. art. 1.14 ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity[,] and he may not raise the objection on appeal or in any other postconviction proceeding.").

**II.    The Trial Court Did Not Err By Charging on a Third-Degree Felony**

In his second issue, Perry complains that, in the guilt/innocence phase of the trial, the trial court erroneously charged the jury on family violence assault with a prior conviction, a third-degree felony, rather than a class A misdemeanor. "We employ a two-step process in our review of alleged jury charge error." *Murrieta v. State*, 578 S.W.3d 552, 554 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal."[5] *Id.* (quoting *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32)).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 36.13). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Id.* (quoting *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury:  it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Lee*, 415 S.W.3d at 917; *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

This issue is based on Perry's contention that the indictment only charged a misdemeanor, rather than a third-degree felony, since it omitted a necessary element of the

---

[5]Nevertheless, if we do not find jury charge error, no harm analysis is required. *See, e.g.*, *Becker-Ross v. State*, 595 S.W.3d 261, 271–72 (Tex. App.—Texarkana 2020, no pet.).

felony offense. However, as we previously discussed, the face of the indictment was sufficient to show that the State intended to charge family violence assault with a prior conviction, a third-degree felony. Any complaint regarding a defect in the indictment was required to be asserted before the date the trial commenced. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14; *Kirkpatrick*, 279 S.W.3d at 329. Since the indictment was sufficient to allege the third-degree-felony offense of family violence assault with a prior conviction, and the State offered evidence of the same, the trial court was required to charge the jury on that offense. *See Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. [Panel Op.] 1978) ("[A] correct instruction of the law relating to the offense charged must be given to the jury.").

For that reason, we conclude that the trial court did not err in charging the jury on the third-degree-felony offense of family violence assault with a prior conviction. We overrule this issue.

### III.    The Judgment Must Be Modified

Perry also challenges the trial court's assessment of a time payment fee as part of the costs of court. He argues that the time payment fee is unconstitutional and, in the alternative, that his filing of an appeal suspended his obligation to pay court costs. The State agrees that the assessment of the time payment fee was premature.

In this case, the trial court's judgment included court costs of $305.00. The certified bill of costs listed costs of court of $305.00, which included a time payment fee of $15.00. We are required to strike a time payment fee like the one imposed here "for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129,

7

129 (Tex. Crim. App. 2021).  For that reason, we strike the time payment fees "in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *Id.* at 133.  We sustain this issue.[6]

## IV.     Conclusion

We modify the bill of costs by deleting the time payment fee of $15.00 and to reflect total court costs of $290.00.  We modify the trial court's judgment to reflect court costs of $290.00.  As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     March 8, 2022
Date Decided:       April 12, 2022

Do Not Publish

---

[6]Because of our disposition striking the time payment fee as prematurely assessed, and because we should "avoid[] the adjudication of constitutional issues when at all possible," we do not address Perry's constitutional challenge. *Dulin*, 620 S.W.3d at 133 n.29 (quoting *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006)).